Judgment, Supreme Court, New York County (Peter H. Moulton, J.), entered April 25, 2012, which denied the petition for an order annulling a determination of respondent Superintendent of Insurance, dated November 18, 2010, denying petitioner’s claim for a refund of retaliatory taxes for tax year 2003 in the amount of $2,935,493 and cancellation of an assessment of retaliatory taxes for tax year 2007 in the amount of $4,266,551, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
For the 1995 tax year, petitioner initially paid $22,663,988 in franchise taxes. In 2006, it was determined that petitioner had misapprehended the amount of the net operating loss deduction it was entitled to take for that tax year, resulting in an increase of its franchise tax liability for 1995 to $31,015,708. Petitioner paid the difference—$8,351,720—and it is this sum for which petitioner now seeks a credit. This sum is not, however, an “overpayment” for purposes of Insurance Law § 9109, which defines an overpayment as a payment “in excess of the amount legally chargeable against it” (Insurance Law § 9109 [a] [1]). Far from making an overpayment for 1995, petitioner made an underpayment—an amount less than the “amount legally chargeable against it” (id.). Accordingly, petitioner cannot re *467 cover any refund of its additional franchise tax payment under Insurance Law § 9109.
Moreover, by its plain language, Insurance Law § 9109 limits refunds to amounts paid on account of factual errors or legal errors made because of an “erroneous interpretation of a statute of this or any other state” (Insurance Law § 9109 [a] [1]). Petitioner’s underpayment resulted not from any erroneous interpretation of a “statute of this or any other state,” but from its misinterpretation of net operating loss deduction provisions of the Federal Internal Revenue Code.
We reject petitioner’s argument that, pursuant to Tax Law § 1511 (b), payment of “any” franchise tax generates a credit which can be applied towards any assessed retaliatory tax. Rather than permitting franchise taxes to be offset against retaliatory taxes in any year, the term “any taxes” in Tax Law §1511 (b) merely clarifies that the credit applies to “any” of the four different franchise taxes provided for in article 33 of the Tax Law (see Tax Law §§ 1501, 1505-a, 1510, 1520; United Servs. Auto. Assn. v Curiale, 88 NY2d 306, 308 [1996]).
Also unavailing is petitioner’s argument that it should be permitted to rely upon a December 2007 opinion of the Insurance Department’s Office of General Counsel, which the Insurance Department itself now declines to follow. Petitioner has failed to preserve its argument that the Insurance Department’s change of opinion should be applied only prospectively, and not retroactively to this case (see Recovery Consultants v Shih-Hsieh, 141 AD2d 272, 276 [1st Dept 1988]). Were we to consider this argument, we would find that retroactive application to petitioner of the Insurance Department’s change of opinion is not so “palpably unjust” as to warrant prospective-only application (Matter of American Tel. & Tel. Co. v State Tax Commn., 61 NY2d 393, 404 [1984]).
We have considered petitioner’s remaining arguments and find them to be without merit.
Concur—Mazzarelli, J.E, Saxe, DeGrasse, Manzanet-Daniels and Clark, JJ.